WALPOLE, Respondent, v. JONES, Appellant

(16 N. W.2d 543.)

(File No. 8626. Opinion filed December 9, 1944.)

**James Clapp,** of Rapid City, for Appellant.

**T. B. Thorson,** of Rapid City, for Respondent.

SICKEL, J.   This action was brought by plaintiff to recover a broker's commission on the sale of a house belonging to defendant.

Plaintiff is a real estate broker doing business at Rapid City.   On December 10, 1941, the Walpole Land Company, a corporation, of which plaintiff is the president, and defendant entered into a written contract whereby defendant agreed to sell the property to the corporation, or to any other person for whom the corporation might be agent, within thirty days from date for the sum of $3,800 net to defendant.   The plaintiff, either for himself or as managing officer of the corporation, showed the house to prospective purchasers in an effort to sell it.   No sale was made during the time that the contract was in effect, but the plaintiff continued his efforts to make a sale thereafter.   This he did with the knowledge, consent and co-operation of defendant.   About January 14, 1942, the plaintiff found a man named Pease who was ready, willing and able to buy defendant's house for the sum of $4,000.   This prospective purchaser and defendant were brought together by plaintiff and the sale was made.   The plaintiff claimed the right to a commission of five per cent on the sale price, which defendant refused to pay.   Plaintiff then brought this action to recover.   The case was tried to a jury.   At the close of the evidence the plaintiff made a motion for a directed verdict and defendant made a motion to dismiss plaintiff's complaint.   Plaintiff's motion was granted and defendant's motion was denied.   The jury was directed to return a verdict for the amount claimed by the plaintiff.   The jury returned a verdict as directed.   The ruling of the trial court on defendant's motion is assigned as error by appellant.

The issue presented by the record and the briefs is whether the evidence is sufficient to justify the denial of defendant's motion to dismiss, and to justify the granting of plaintiff's motion for a directed verdict.   Appellant contends that there is no evidence to show that an agency and contract for commission existed between him and respondent.

He points out that the written agreement was made between him and the Walpole Land Company, a corporation, not between him and the respondent. Respondent, however, does not rely upon that agreement in support of the ruling of the trial court. He claims rather that it was agreed orally between appellant and respondent that in the event respondent produced a buyer able, willing and ready to buy the property for $4,000 he should be paid a commission of five per cent.

Respondent testified at the trial that at Jones' place on January 13, which was after the written agreement had expired, he told appellant that if the appellant would follow Pease right up and sell the house to him, he would get his $3,800 and he could then protect respondent's five per cent commission, and respondent claims that the appellant agreed to do this. Appellant denies that he ever made such an agreement with respondent; that after the lapse of the thirty day term provided in the written contract with the Walpole Land Company, he figured the deal was off and that he was no longer obligated to pay a commission on the sale. This dispute in the evidence presented an issue of fact upon which plaintiff's right of recovery depended, and should have been submitted to the jury. Therefore, the court erred in directing a verdict for respondent.

Judgment reversed.

POLLEY, ROBERTS, and RUDOLPH, JJ., concur.

SMITH, J., concurs in result.